IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**RENECIA M. STANLEY,**

  Plaintiff,

   v.

**LUCAS COUNTY
HOMELESSNESS BOARD,**

  Defendant.

CASE NO. 3:26 CV 677


JUDGE JAMES R. KNEPP II


MEMORANDUM OPINION
AND ORDER


### INTRODUCTION

*Pro se* plaintiff Renecia M. Stanley filed this action against the Lucas County Homelessness Board. (Doc. 1). Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. 2). That Application is granted but, for the following reasons, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e).

### BACKGROUND

Plaintiff's Complaint is a largely incomprehensible stream of consciousness narrative composed of seemingly unrelated statements. Plaintiff's statements include the following: Plaintiff was denied access to Defendant's program in 2019 and discharged from Defendant's program "due to another, inappropriate white man … in 2010;" she "left Trifling Toxic Toledo to return to Georgia for the US Commerce Census count;" when she returned to Ohio, she discovered her father "unalived;" her father's SSI checks were "still being extracted and used;" "they used [her] weakness as a method to continue to harass and deny [her] any services in Ohio;" Job and Family Services is "playing games with SNAP benefits;" she is witnessing "all these illegal immigrants

receive resources;" after speaking with the IRS, she has "a pin on [her] federal account for[] Identity Theft for Toledo;" "[y]ou illegally attempted to access my IRS account;" and "[i]t is clear you all are conspiring." (Doc. 1, at 2).

## STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Id.*

A cause of action fails to state a claim upon which relief may be granted where it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

2

**DISCUSSION**

Plaintiff's Complaint fails to establish a basis for federal court jurisdiction, and it fails to meet the minimum pleading requirements.

*Jurisdiction*

Federal courts are courts of limited jurisdiction and, unlike state trial courts, do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Rather, they have only the authority to decide cases the Constitution and Congress have empowered them to resolve. *Id.* Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties or when the case arises under federal law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

In most cases, the first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different States." 28 U.S.C. § 1332(a)(1). A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. *See* Fed. R. Civ. P. 8. In a diversity action, the plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, 2003 WL 22146143, at *1 (6th Cir.). Here, Plaintiff does not allege the citizenship of Defendant. The Complaint, however, suggests diversity of citizenship does not exist in this case. Plaintiff lists her address in Toledo, Ohio,[1] and Defendant is an organization located in Lucas County, Ohio.

---

1. Plaintiff subsequently filed a notice of change of address, listing a Maumee, Ohio address. *See* Doc. 3.

The second type of federal jurisdiction relies on the presence of a federal question. *See* 28 U.S.C. § 1331. Federal question jurisdiction arises when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983). Here, Plaintiff has not alleged any claims. Federal jurisdiction therefore cannot be based on the presence of a federal cause of action. The Court cannot entertain an action over which it lacks jurisdiction.

*Pleading Requirements*

Moreover, Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide a short and plain statement of her claims demonstrating she is entitled to relief. *See Iqbal*, 556 U.S. at 677-78; Fed. R. Civ. P. 8(a)(2). To meet the minimum notice pleading requirements of Rule 8, the Complaint must give the defendant "fair notice of what the plaintiff's legal claims" are and the factual "grounds upon which [they] rest[]." *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996) (quoting *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). Here, Plaintiff's Complaint fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as her pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Complaint is completely devoid of any coherent factual allegations, fails to connect any alleged occurrence to a specific injury, and fails coherently to identify how Defendant has harmed Plaintiff. Additionally, Plaintiff fails to include any legal claims or identify a proper request for relief. Plaintiff's Complaint therefore fails to meet the minimum pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* be, and the same hereby is, GRANTED, and it is

FURTHER ORDERED that this action be, and the same hereby is, DISMISSED pursuant to 28 U.S.C. § 1915(e); and it is

FURTHER CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: July 15, 2026